### No. 14,504.

State of Louisiana ex rel. Eugene Alexis and A, Stewart, Administrator of the Succession of John Webre, vs. Hon. Jerome L. Gaudet, Judge of the Twenty-Eighth Judicial District Court, and Zenon Millet, Clerk of Court of the Parish of St. John the Baptist.

#### Syllabus.

An application for an injunction against executory process, based on the prescription of the debt to satisfy which the executory process has issued, should not be refused where the debt on the face of the proceedings is prescribed.

A PPLICATION for Writs of *Mandamus*.

*James V. Chenet* and *Benjamin Rice Forman,* for Relators.

Respondent Judge *pro se.*

Respondent Clerk *pro se.*

State ex rel. Administrators vs. Judge.

The opinion of the court was delivered by

PROVOSTY, J. The relators herein complain that the respondent judge and clerk of court have refused to grant them an injunction against a writ of seizure and sale, notwithstanding that their application for same has been regular and has set forth one of the grounds on which, under Articles 738, 739 and 740 of the Code of Practice, an injunction issues as matter of right.

The clerk did not absolutely refuse to act, but ·merely requested that the relators should await the return of the judge, and the relators acceded to the request. Evidently, as against the clerk, this proceeding has been taken inadvisedly, and must be dismissed at the cost of the relators.

The grounds on which the injunction is asked is that the note on which the executory process issued, is prescribed. The judge returns that he refused the injunction for the reason that he believed that the course of prescription on the note had been interrupted.

It seems that the relators sold a part of the property on which the note bore mortgage, and that the holder of the note appeared to the act of sale and waived the mortgage on the property sold, and that the notary paraphed the note to identify it with the act of waiver. This transaction, taken as a whole, interrupted prescription on the note, the judge thinks. Possibly it did, but whether it did or not is an issue on which the relators are entitled to a regular hearing, and to an appeal in case the decision on it goes against them; and they will be deprived of this hearing if the injunction is not granted.

We think that the injunction should have been granted.

It is therefore ordered, adjudged and decreed that the *mandamus* applied for herein be made peremptory; the cost of serving process on the clerk to be paid by the relators and the other costs by the respondent judge.